18239

BROWNIE KNITTING MILLS, INC., Respondent, v. Edward I. PICOW and Sara G. Picow, Individually and as Partners, Trading as Allan's, Appellants.

(137 S. E. (2d) 450)

*Harvey L. Golden, Esq.,* of Columbia, *for Appellants,*

*Messrs. Clarke W. McCants, Jr.,* and *James H. Fowles, Jr.,* of Columbia, *for Respondent,*

July 14, 1964.

*Per Curiam:*

Plaintiff instituted this action in the Richland County Court on a judgment recovered against defendants in the State of New York in the principal sum of $1,085.25. By way of answer the defendants have interposed certain de-

fenses to the complaint and have entered two counterclaims. The defendants demurred to the counterclaims and moved to strike on the grounds that the counterclaims were sham, frivolous and irrelevant in that they constitute a collateral attack upon plaintiff's judgment.

The matter was heard before the Honorable Legare Bates, Judge of the Richland County Court, who by his order of July 29, 1963, granted plaintiff's motion to strike the counterclaims interposed by defendants on the grounds that such counterclaims constituted a collateral attack upon the judgment obtained. Plaintiff's demurrer was not ruled upon.

Plaintiff contends that none of defendants' five exceptions comply with Rule 4, Section 6, of the Rules of the Supreme Court and that this Court should dismiss the appeal for this reason. Supreme Court Rule 4, Section 6, states:

"Each exception must contain a concise statement of one proposition of law or fact which this Court is asked to review, and the same assignment of error should not be repeated. Each exception must contain within itself a complete assignment of error, and a mere reference therein to any other exception then or previously taken, or request to charge will not be considered. The exceptions should not be long or argumentative in form."

The object of an exception is to present some distinct principle or question of law which the Appellant claims to have been violated by the Court in the trial of the case from which the appeal is taken, and to present it in such form that it may be properly reviewed.

Examination of the exceptions reveals that none imputes error to the lower Court but rather the exceptions are mere statements of fact or propositions of law which in some instances were not passed upon by the lower Court.

We conclude that the appeal in this case should be dismissed because the exceptions failed to comply with the Rules of this Court.

Appeal dismissed.